UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL COLON,<br><br>*Plaintiff*<br><br>-against-<br><br>BLUESTAR PROPERTIES, INC., P.S. 157 LOFTS,<br>LLC, 327 ST. NICHOLAS LLC, WEST 127 STREET<br>ASSOC LLC, and JEFFREY PIKUS<br>*Defendants* | Case No. 26-cv-3839<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff ANGEL COLON ("**Plaintiff**"), by and through his attorney, NAIDICH LAW,

hereby complains as follows:

**NATURE OF THE ACTION**

1.    This action arises from Defendants willful and intentional failure to pay Plaintiff

for each hour worked, to pay the prevailing minimum wage for building superintendents, and to

pay overtime wages in violation of the New York Labor Law Section ("**NYLL**"), 12 NYCRR 141-

1.2 (the "**Wage Order**") and the Fair Labor Standards Act (the "**FLSA**").

2.    Plaintiff was employed as a live-in superintendent at three residential properties

owned and operated by Defendants. Instead of paying the per-unit minimum wage dictated by the

NYLL and Wage Order, and/or overtime wages as required by the FLSA, Defendants decided to

pay Plaintiff a fixed salary. That wage, and the value of an accompanying apartment, fell below

the per-unit minimum wage and did not account for each regular or overtime hour Plaintiff worked.

3.    Plaintiff seeks to recover unpaid wages, back and front pay, compensatory damages

for emotional distress, liquidated damages, pre- and post-judgment interest, and reasonable

attorneys' fees and costs.

**JURISDICTION & VENUE**

4.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the federal and state law claims are so related that they form part of the same case and/or controversy.

6.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because Defendants are physically located in New York County and a substantial part of the events and omissions at issue in this case occurred in this district.

**JURY DEMAND**

7.      Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

**PARTIES**

8.      Plaintiff ANGEL COLON is a natural person who, at all times relevant to this action, resided in the State of New York.

9.      Plaintiff was employed as a full-time live-in superintendent at three residential properties located in New York County at 359 West 127th Street, 360 West 127th Street, and 327 St. Nicolas Street (together, the "**Buildings**") from 2019 until on or about February 9, 2026.

10.      Defendant BLUESTAR PROPERTIES, INC. ("**Bluestar**") is a domestic business corporation formed and existing under the laws of the State of New York.

11.      Bluestar is a privately held real estate company focused on acquiring and managing multifamily properties, including but not limited to the Buildings.

12.     At all times relevant to this action, Bluestar employed Plaintiff within the meaning of the FLSA and NYLL.

13.     Defendant P.S. 157 LOFTS, LLC ("**157 Lofts**") is a domestic limited liability company formed and existing under the laws of the State of New York.

14.     Upon information and belief, it is a subsidiary of Bluestar formed to own and operate one of the Buildings located at 358 W. 127th Street.

15.     Defendant 327 St. Nicolas LLC ("**St. Nicolas**") is a domestic limited liability company formed and existing under the laws of the state of New York.

16.     Upon information and belief, it is a subsidiary of Bluestar formed to own and operate one of the Buildings located at 327 St. Nicolas Street.

17.     Defendant West 127 Street Assoc LLC ("**127 St. Assoc**") is a domestic limited liability company formed and existing under the laws of the state of New York.

18.     Upon information and belief, it is a subsidiary of Bluestar formed to own and operate one of the Buildings located at 360 We 127th Street.

19.     Bluestar, 157 Lofts, St. Nicolas, and 127 St. Assoc (the "**Entity Defendants**") employed Plaintiff within the meaning of the FLSA and NYLL.

20.     The Entity Defendants are enterprises engaged in commerce within the meaning of the FLSA. The Entity Defendants regularly purchase and handle goods and materials moved in interstate commerce including, but not limited to, cleaning supplies, tools, construction materials, and building equipment such as HVAC systems and elevator units. Upon information and belief, each Entity Defendant has annual revenue is in excess of $500,000 per year.

21.     Upon information and belief, the Entity Defendants employed more than 10 persons.

22.     Defendant JEFFREY PIKUS ("**Pikus**") is a natural person residing in the State of New York.

23.     Pikus is the president of Bluestar. At all times relevant to this action he operated Bluestar and managed Plaintiff. Pikus had the power to hire and fire and to set and control work schedules, conditions of employment, and pay rates and methods for Bluestar and the Buildings' employees, including Plaintiff.

24.     Pikus employed Plaintiff within the meaning of the FLSA and NYLL.

25.     Defendants jointly employed Plaintiff within the meaning of the FLSA and NYLL and as such are jointly and severally liable for the conduct complained of herein.

## FACTS

26.     Plaintiff was employed as the Buildings' superintendent from 2019 until on or about February 9, 2026.

27.     The Buildings contain 93 residential and 1 commercial unit, in excess of the maximum number of units an individual superintendent can be responsible for under the New York Housing Maintenance Code § 27-2054.

28.     His primary duties included cleaning and building maintenance.

29.     He was nominally paid $18.75 per hour and permitted to reside in a two-bedroom ground floor apartment located at 327 St. Nicolas Street.

30.     Defendants maintained a policy and practice of paying Plaintiff for 35 hours per week, regardless of how many hours he actually worked.

31.     Defendants' pay policy amounted to a fixed weekly salary.

**COUNT ONE**
**UNPAID MINIMUM WAGE**
(In Violation of the NYLL and 12 NYCRR 141-1.2)

32.    Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

33.    Defendants employed Plaintiff within the meaning of the NYLL.

34.    Plaintiff is properly classified as a janitor under New York law.

35.    Plaintiff was entitled to a per unit minimum wage equal to

    i.    $10 per unit, or $930 per week, from 2021 through the end of 2023,

    ii.    $10.30 per unit, or $957 per week, in 2024,

    iii.    $10.90 per unit, or $1,013 per week, in 2025, and

    iv.    $11.35 per unit, or $1,055.55 per week, in 2026.

36.    The combined value of Plaintiff's wages and housing allowance did not exceed $800 per week.

37.    Defendants failed to pay Plaintiff the legally required minimum wage.

38.    Defendants acted willfully and intentionally.

39.    Plaintiff was injured as a result of Defendants' conduct and is entitled to damages.

**COUNT TWO**
**UNPAID REGULAR WAGES**
(In Violation of the FLSA)

40.    Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

41.    Plaintiff was employed as a non-exempt employee within the meaning of the FLSA.

42.    Plaintiff was entitled to receive $18.75 for each hour worked.

43.    Plaintiff regularly and routinely worked 80 to 85 hours per week.

44. Defendants maintained a policy and practice of only paying Plaintiff for 35 hours per week.

45. Defendants acted willfully and intentionally in failing to pay Plaintiff for each hour worked.

46. Plaintiff was injured as a result of Defendants' conduct and is entitled to damages.

## COUNT THREE
## UNPAID OVERTIME WAGES
(In Violation of the FLSA)

47. Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

48. Plaintiff was employed as a non-exempt employee within the meaning of the FLSA.

49. Plaintiff was entitled to receive overtime wages equal to 1.5x his regular base wage for each hour worked in excess of 40 hours per work week.

50. Plaintiff regularly and routinely worked 80 to 85 hours per week.

51. Defendants maintained a policy and practice of only paying Plaintiff for 35 hours per week.

52. Defendants acted willfully and intentionally in failing to pay Plaintiff required overtime wages.

53. Plaintiff was injured as a result of Defendants' failure to pay overtime wages and is entitled to unpaid wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney fees and costs

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, Plaintiff hereby requests an award of:

    a) compensatory damages in an amount to be determined at trial;

    b) liquidated damages;

c) pre- and post-judgment interest;

d) reasonable attorneys' fees and costs; and

e) such other and further relief as the Court deems just and proper.

Dated: May 8, 2026
New York, New York

Respectfully Submitted

*Zachary Naidich*

Zachary Naidich
NAIDICH LAW
137 5th Ave, 9th Fl.
New York, NY 10010